UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CMRE FINANCIAL SERVICES INC., PROFESSIONAL CLAIMS BUREAU LLC,<br><br>　　　　Plaintiffs and Counter-Defendants,<br><br>　　v.<br><br>DOXO INC.,<br><br>　　　　Defendant and Counter-Claimant. | CASE NO. 2:22-cv-00298-RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiffs and Counter-Defendants CMRE Financial Services, Inc., ("CMRE") and Professional Claims Bureau, LLC ("PCB") (CMRE and PCB collectively "Plaintiffs") assert claims against Defendant and Counter-Claimant Doxo, Inc. ("Doxo") of Unfair Competition under the Lanham Act § 43(a), violation of the Washington Consumer Protection Act, tortious interference with business relations and conversion. Dkt. 1. Doxo denies Plaintiffs' allegations, asserts a Counterclaim and six affirmative defenses. Dkt. 13.

In this motion, Plaintiffs move to dismiss or strike Doxo's Counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f) and to strike five of Doxo's Affirmative Defenses pursuant to Rule 12(f). Dkt. 19. Plaintiffs contend the Counterclaim is redundant of Doxo's Answer and that its Affirmative Defense Nos. 1 through 5 merely negate elements of Plaintiffs' claims.

REPORT AND RECOMMENDATION - 1

Having reviewed the motion, Doxo's response (Dkt. 20), Plaintiffs' reply (Dkt. 22) and balance of the record, the undersigned recommends that the motion be granted in part and denied in part as set forth herein.

BACKGROUND

A.   Plaintiffs' Complaint

Plaintiffs allege that Doxo markets itself as a provider of a doxo "network" whose services include online bill payment via linked bank accounts. Dkt. 1, ¶ 15. Doxo also markets on its website Doxo's "biller network pages." *Id.*, ¶ 16. Doxo's homepage has a search bar that allows Doxo users to search Doxo's biller network pages. *Id.* Typing "CMRE" or "PCB" into the search bar on Doxo's homepage takes users to Doxo's biller network page that prominently displays Plaintiffs' marks found at https://www.doxo.com/info/cmre-financial-services (the "CMRE Infringing Webpage" and at https://www.doxo.com/info/ p-c-b-inc-ny (the "PCB Infringing Webpage") (*id.*, ¶¶ 17, 37).

Plaintiffs assert the Infringing Webpages present a likelihood of confusion that Plaintiffs authorized or are associated with Doxo's payment network. *Id.*, ¶ 53. For example, a consumer that paid via Doxo via a processing fee might believe Plaintiffs were requiring the charge. *Id.*, ¶¶ 27-29.) Plaintiffs allege that consumers may therefore consider CMRE to be charging processing fees that are not authorized by contract or law, which unfairly exposes CMRE to potential liability under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*("FDCPA"), state fair debt collection practices and unfair competition statutes, unfair, deceptive, and abusive acts and practices ("UDAAP") in violation of the Consumer Financial Protection Act of 2010 ("CFPA"), and other laws. *Id.*, ¶ 29.

B.      <u>Doxo's Counterclaim</u>

In its Counterclaim, Doxo alleges that, to the extent it has used or is using any marks owned by Plaintiffs[1], Doxo has only and always used those marks to refer to Plaintiffs, as there is no other way to refer to Plaintiffs other than by using their names. Doxo uses the Plaintiffs' names to identify them amidst Doxo's own strong and consistent branding, featuring the DOXO trademark, the Doxo logo, and other consistent design elements. In connection with any such use, Doxo expressly and repeatedly disclaims any relationship with Plaintiffs and takes no other actions that would result in confusion from any reasonable consumer. Also, Doxo offers other service-related features that clearly distinguish Doxo's services from those of Plaintiffs and all other billers. Doxo's use is therefore nominative fair use and legal. Dkt. 13, p. 9.

Dozo seeks a declaratory judgment that Doxo's use of Plaintiffs' marks constitutes nominative fair use and therefore does not constitute trademark infringement or otherwise violate the Lanham Act or the Washington Consumer Protection Act and does not constitute tortious interference or conversion. Dozo also seeks a preliminary and permanent injunction prohibiting Plaintiffs from improperly interfering with Doxo's business, including from asserting that Doxo's use of Plaintiffs' marks to identify Plaintiffs infringes any of Plaintiffs' trademark rights. Dkt. 13, p. 22. Doxo contends this relief is necessary because Plaintiffs have wrongfully and affirmatively sued Doxo for trademark infringement and related claims.

C.      <u>Doxo's Affirmative Defenses</u>

Doxo asserts six affirmative defenses in its Answer, five of which are at issue in this motion:

---

[1] Although Plaintiffs are properly referred to as Defendants in the Counterclaim, the Court refers to them as Plaintiffs throughout this Report and Recommendation to avoid confusion.

REPORT AND RECOMMENDATION - 3

    1.      The Complaint fails to state a claim upon which relief can be granted.

    2.      To the extent Doxo has used or is using any protectable marks allegedly owned by CMRE or PCB, including the CMRE FINANCIAL SERVICES, INC. and PROFESSIONAL CLAIMS BUREAU marks, such use is nominative fair use, to identify CMRE and PCB; Doxo is not using any such mark as a trademark or otherwise as a source identifier.

    3.      To the extent Doxo is using the CMRE FINANCIAL SERVICES, INC. and PROFESSIONAL CLAIMS BUREAU marks, it is not likely to cause mistake, confusion, or deception.

    4.      CMRE's and PCB's marks are merely descriptive and have not acquired secondary meaning.

    5.      Any damage suffered by CMRE or by PCB was not caused by, or the proximate result of, any action or omission by Doxo.

Dkt. 13, p. 8:11-24.

## LEGAL STANDARDS

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well pleaded factual allegations" in a complaint, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), drawing all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

The same general framework applies to motions to dismiss counterclaims seeking declaratory relief. Under the Declaratory Judgment Act, a district court may exercise its

discretion to dismiss a claim seeking declaratory relief when, reviewing the allegations in the light most favorable to the non-movant, it is clear the claim serves no useful purpose. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (2005); *see also Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 803 (9th Cir. 2002). A court should "deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action." *Consumer Financial Protection Bureau v. Howard*, 2017 WL 10378954, at *5 (C.D. Cal. 2017) (quoting Alan Wright et al., 6 Fed. Prac. & Proc. Civ. § 1406 (3d ed. 2011)).

A motion to strike an affirmative defense is brought pursuant to Rule 12(f), under which a court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense. *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir.1979). If a claim is stricken, leave to amend should be freely given when doing so would not cause prejudice to the opposing party. *Id.* at 826.

## DISCUSSION

A.   Doxo's Counterclaim

In its Answer, Doxo denies Plaintiffs' allegations of unfair competition under the Lanham Act § 43(a), violation of the Washington Consumer Protection Act, tortious interference with business relations, and conversion. Dkt. 13. In its Counterclaim, Doxo seeks a declaratory judgment that Doxo's use of Plaintiffs' marks constitutes nominative fair use and therefore does not constitute trademark infringement or otherwise violate the Lanham Act or the Washington Consumer Protection Act and does not constitute tortious interference or conversion. Dkt. 13, p. 9. In addition to declaratory relief, Doxo's Counterclaim seeks a permanent injunction "prohibiting [Plaintiffs], their affiliates, agents, servants, employees, and attorneys,

and any and all other persons in active concert or participation with Defendants, from improperly interfering with Doxo's business, including from asserting that Doxo's use of Defendants' marks to identify Defendants infringes any trademark rights that Defendants might own." *Id.*, p. 22.

Plaintiffs argue that Doxo's Counterclaim is duplicative of its denial of Plaintiffs' claims in its Answer and therefore, the Counterclaim adds nothing to this lawsuit factually or legally. Plaintiffs further argue that Doxo's request for injunctive relief cannot survive because an injunction "is not a cause of action, but rather a remedy," that must rest on a meritorious cause of action. *Sessions v. UMB Bank, N.A.*, No. 2:21-CV-01490-LK, 2022 WL 1110282, at *1 (W.D. Wash. Apr. 8, 2022); *Stickrath v. Globalstar, Inc.*, No. C07-1941 TEH, 2008 WL 2050990, at *3 (N.D. Cal. May 13, 2008). However, as noted in *Stickrath*, it is not always appropriate to strike declaratory judgment counterclaims simply because they concern the same subject matter or arise from the same transaction as the complaint. Rather, the "court should focus on whether the counterclaims 'serve any useful purpose,' and should dismiss or strike a redundant counterclaim only when 'it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim.'" *Stickrath*, 2008 WL 2050990, at *4. "Alternatively, the counterclaim may seek different relief, in addition to raising legal issues that the court may not reach in resolving the complaint and affirmative defenses." *Id.*

After reviewing the Complaint and Counterclaim, the undersigned concludes that the safer course at this stage in the litigation is for the Court to deny the motion to dismiss the Counterclaim. Doxo's Counterclaim is properly pled and is premised on a narrow issue—the applicability of the nominative fair use doctrine. The parties agree that the "nominative fair use" is an alternative set of factors to analyze if there is a likelihood of confusion in trademark cases such as this one, in which the defendant uses the accused mark to refer to the plaintiff. However,

Doxo argues that Plaintiffs' trademark case could be resolved without reaching the issue of nominative fair use (*i.e.*, Plaintiffs' case is resolved under its consumer act, tortious interference, or conversion claims; or Plaintiffs fail to meet their burden to establish trademark rights in the contested marks). If the Court dismisses the Counterclaim, Doxo would then be left in these circumstances without a claim to establish that its use of Plaintiffs' marks (or use of other online billers) is protected under the nominative fair use doctrine.

Plaintiffs argue that it is only their trademark claim for which this Court has jurisdiction. However, it is not possible at this time – before the parties have engaged in discovery and developed their claims and evidence— that the Court can say that there is *no doubt* that Doxo's Counterclaim will be rendered moot by the adjudication of Plaintiffs' claims. Plaintiffs' claims could fail for a reason other than Doxo's nominative fair use defense. Even where there is support that the counterclaim should be stricken as redundant, "the majority rule is to the contrary, because it is often difficult to determine whether a declaratory judgment counterclaim really is redundant prior to trial." *Brawley v. Alltel* Corp., 2008 WL 2065976 (D. Arizona, May 13, 2008) (citing 6 Charles A. Wright, et al., Federal Practice and Procedure § 1406 (2d ed.1990). *See also Cardinal Chemical Co. v. Morton Intern., Inc*. 508 U.S. 83, 96, 113 S.Ct. 1967, 1975 (1993) (stating "[a] party seeking a declaratory judgment of invalidity presents a claim independent of the patentee's charge of infringement.").

Plaintiffs also argue that if the Court does not strike Doxo's affirmative defense of nominative fair use, then it should dismiss Doxo's Counterclaim in its entirety as it is clearly duplicative. Dkt. 22, p. 5. As discussed below, the undersigned recommends that Doxo's affirmative defense of nominative fair use be dismissed so there is no issue of duplication.

Accordingly, the undersigned recommends that Plaintiffs' motion to dismiss Doxo's Counterclaim be **denied**.

B. <u>Affirmative Defenses Nos. 1-5</u>

Plaintiffs move for an order striking Affirmative Defense Nos. 1 through 5. In the alternative, Plaintiffs move for an order stating that Affirmative Defense Nos. 1, 3, 4, and 5 shall be considered general denials or objections only. Doxo argues that Plaintiffs have failed to show they are prejudiced by the affirmative defenses and that striking its affirmative defenses would in no way streamline the lawsuit or serve any other practical benefit. Dkt. 20, pp. 9-10.

"Courts differ on whether a movant must show prejudice in support of a motion to strike affirmative defenses." *See Hernandez v. Dutch Goose, Inc.*, No. C 13-3537 LB, 2013 WL 5781476, at *5 (N.D. Cal. Oct. 25, 2013). However, in *Atlantic Richfield Co. v. Ramirez*, 176 F.3d 481, 1999 WL 273241, at *2 (9th Cir. 1999) (unpublished table decision), the Ninth Circuit observed that "Rule 12(f) says nothing about a showing of prejudice and allows a court to strike material *sua sponte*." The court therefore explicitly rejected the appellant's contention that courts "should require the moving party to demonstrate prejudice in order to justify striking redundant material." *Id*. Additionally, even if a showing of prejudice is required, the undersigned notes that allowing legally unsustainable affirmative defenses to survive will require parties to engage in potentially expensive and unnecessary and irrelevant discovery.

"Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *FDIC v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D.Cal.1987) (citing *Gomez v. Toledo*, 446 U.S. 635, 640–41, 100 S.Ct. 1920, 1923–24, 64 L.Ed.2d 572 (1980)). If a purported affirmative defense only addresses the elements of the cause of action, it is not an affirmative defense and it will be

REPORT AND RECOMMENDATION - 8

stricken as redundant. *Sherwin–Williams Co. v. Courtesy Oldsmobile-Cadillac, Inc.*, 2016 WL 615335 at *2 (E.D. Cal. Feb. 16, 2016) (citing *Barnes v. AT&T Pension Ben. Plan*, 718 F.Supp.2d 1167, 1173 (N.D. Cal. 2010). In *Hargrove v. Hargrove*, 2017 WL 1788426, at *2 (W.D. Wash. May 5, 2017), this Court held that affirmative defenses that are merely negation of elements of a claim should be "consider[ed] not as affirmative defenses, but as general denials or objections."

1. Affirmative Defense No. 1 - Failure to State a Claim

A "failure to state a claim" defense generally means either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015). A "failure to state a claim" does not refer to matters extraneous to the plaintiff's prima facie case, rather, it asserts a defect in the plaintiff's prima facie case. *See Barnes v. AT&T Pension Benefit Plan*, 718 F.Supp.2d 1167, 1174 (N.D. Cal. 2010). A defense which demonstrates that a plaintiff has not met its burden is not an affirmative defense. *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

A defense of "failure to state a claim" is not a valid affirmative defense but is merely a negation of Plaintiff's claims. The undersigned recommends that Plaintiffs' motion to dismiss be **denied** but that Affirmative Defense No. 1 be considered as a general denial or objection.

2. Affirmative Defense No. 2 - Nominative Fair Use

Though nominative fair use is sometimes mistakenly referred to as an "affirmative defense," it is not one. *See* McCarthy on Trademarks & Unfair Competition § 23:11 (5th ed.). The nominative fair use doctrine is an "alternative multi-factor test" to assess the likelihood of confusion in cases in which the defendant uses the accused mark to refer to the plaintiff. *See International Information Systems Sec. Certification Consortium, Inc. v. Security University,*

*LLC*, 823 F.3d 153, 168, 120 U.S.P.Q.2d 1388 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 624, 196 L. Ed. 2d 516 (2017).

Because the nominative fair use defense is not an affirmative defense and the defense is alleged in Doxo's Counterclaim, the undersigned recommends that Plaintiffs' motion to dismiss Affirmative Defense No. 2 be **granted**.

3.  Affirmative Defense No. 3 - "Not Likely to Cause Mistake, Confusion, or Deception"

Doxo's third affirmative defense asserts, "To the extent Doxo is using the CMRE FINANCIAL SERVICES, INC. and PROFESSIONAL CLAIMS BUREAU marks, it is not likely to cause mistake, confusion, or deception." This is not a valid affirmative defense as it is simply a restatement of Plaintiffs' burden. The undersigned recommends that Plaintiffs' motion to dismiss be **denied** but that Affirmative Defense No. 3 be considered as a general denial or objection.

4.  Affirmative Defense No. 4 - "No Secondary Meaning"

Doxo's fourth affirmative defense asserts that "CMRE's and PCB's marks are merely descriptive and have not acquired secondary meaning." This is not a valid affirmative defense because it is a restatement of Plaintiffs' burden. The undersigned recommends that Plaintiffs' motion to dismiss be **denied** but that Affirmative Defense No. 4 be considered as a general denial or objection.

5.  Affirmative Defense No. 5 - "No Proximate Cause"

Doxo's fifth affirmative defense alleges that "Any damage suffered by CMRE or by PCB was not caused by, or the proximate result of, any action or omission by Doxo." However, no proximate cause is not an affirmative defense but an element of the plaintiff's case. *Braun v. Crown Crafts Infant Prod. Inc.*, No. C12-5811 RBL, 2014 WL 345246, at *6 (W.D. Wash. Jan.

REPORT AND RECOMMENDATION - 10

30, 2014) (no proximate cause is not an affirmative defense). As this is merely a restatement of Plaintiffs' burden, the undersigned recommends that Plaintiffs' motion to dismiss be **denied** but that Affirmative Defense No. 5 be considered as a general denial or objection.

## SUMMARY OF RECOMMENDATIONS

1. Plaintiffs' motion to dismiss Doxo's counterclaim should be **denied**.

2. The Court recommends granting in part and denying in part, Plaintiffs' motion to strike Doxo's affirmative defenses. The motion to strike should be **granted** as to Affirmative Defense No. 2. The motion to strike should be **denied** as to Affirmative Defense Nos. 1, 3, 4, and 5; however, because these affirmative defenses are merely negation of elements of Plaintiffs' claims, they should be considered a general denial or objection only.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **June 29, 2022**. The Clerk should note the matter for **June 30, 2022**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed five (5) pages. The failure to timely object may affect the right to appeal.

\\

REPORT AND RECOMMENDATION - 11

\\

DATED this 9th day of June, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12