THE HONORABLE RICHARD A. JONES
THE HONORABLE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CMRE FINANCIAL SERVICES, INC., a
California corporation, and PROFESSIONAL
CLAIMS BUREAU, LLC, a Delaware limited
liability company,

                Plaintiff,

    v.

DOXO, INC.,

                Defendant.

DOXO, INC.,

                Counter-Claimant,

    v.

CMRE FINANCIAL SERVICES, INC., a
California corporation, and PROFESSIONAL
CLAIMS BUREAU, LLC, a Delaware limited
liability company,

                Counter-Defendant.

No. 2:22-cv-00298-RAJ-BAT

DEFENDANT AND COUNTER-
CLAIMANT DOXO'S MOTION FOR
JUDGMENT ON THE PLEADINGS

**ORAL ARGUMENT REQUESTED**

**NOTE ON MOTION CALENDAR:
SEPTEMBER 30, 2022**

DOXO'S MOTION FOR JUDGMENT ON THE PLEADINGS
(No. 2:22-cv-00298-RAJ-BAT)

**TABLE OF CONTENTS**

Page

INTRODUCTION .................................................................................................... 1

STATEMENT OF FACTS ...................................................................................... 2

    A.    Factual background .................................................................... 2

    B.    Procedural background ............................................................... 8

ARGUMENT ........................................................................................................... 9

I.    DOXO'S USE CONSTITUTES NOMINATIVE FAIR USE AS
    A MATTER OF LAW. ................................................................... 10

    A.    Likelihood of confusion and nominative fair use .................................. 11

    B.    The Court can resolve Doxo's nominative fair use on the pleadings. ................. 14

    C.    The *New Kids* factors are satisfied based on the pleadings. ......................... 15

        1.    Doxo cannot identify Plaintiffs without using their trademarks. ............. 15

        2.    Doxo did not use more of Plaintiffs' marks than necessary. .................. 17

        3.    Doxo does not imply (and, in fact, expressly denies) sponsorship
            or endorsement by Plaintiffs. ....................................................... 20

II.    DOXO'S NOMINATIVE USE DEFENSE PRECLUDES PLAINTIFFS'
    LANHAM ACT AND RELATED CLAIMS AS A MATTER OF LAW. .................... 22

CONCLUSION ........................................................................................................ 23

DOXO'S MOTION FOR JUDGMENT ON THE PLEADINGS
(No. 2:22-cv-00298-RAJ-BAT) – i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

**TABLE OF AUTHORITIES**

**Page(s)**

2

3

C ASES

4

*1800 Get Thin, LLC v. Hiltzik*,
  No. CV11-00505 ODW PJWX, 2011 WL 3206486, at *3
  (C.D. Cal. July 25, 2011) ...................................................................................15

5

6

*Adaptive Mktg. LLC v. Girard Gibbs LLP*,
  No. CV 09-04739 RGK RCX, 2009 WL 8464168 (C.D. Cal. Oct. 9, 2009) ..............15, 17, 19

7

8

*Adobe Sys. Inc. v. Christenson*,
  809 F.3d 1071 (9th Cir. 2015) .......................................................................11, 12, 13

9

*Americana Trading Inc. v. Russ Berrie & Co.*,
  966 F.2d 1284 (9th Cir. 1992) .......................................................................19

10

11

*AMF Inc. v. Sleekcraft Boats*,
  599 F.2d 341 (9th Cir. 1979) .......................................................................11, 13

12

13

*Applied Underwriters, Inc. v. Lichtenegger*,
  913 F.3d 884 (9th Cir. 2019) ...................................................................... passim

14

*Aviva USA Corp. v. Vazirani*, 902 F. Supp. 2d 1246, 1265 (D. Ariz. 2012),
  *aff'd*, 632 F. App'x 885 (9th Cir. 2015)...............................................................19

15

16

*Basil v. New Razor & Tie Enters., LLC*,
  No. CV 17-8728 PA, 2018 WL 3869480 (C.D. Cal. Feb. 14, 2018).....................................15

17

18

*Beachbody, LLC v. Universal Nutrients, LLC*,
  No. CV 16-02015-R, 2016 WL 3912014 (C.D. Cal. July 18, 2016) ....................15, 17, 21, 22

19

*Cairns v. Franklin Mint Co.*,
  292 F.3d 1139 (9th Cir. 2002) ...................................................................... passim

20

21

*Capcom Co. v. MKR Grp., Inc.*,
  No. C 08-0904 RS, 2008 WL 4661479 (N.D. Cal. Oct. 20, 2008)....................................15, 20

22

23

*Cooper v. Pickett*,
  137 F.3d 616 (9th Cir. 1997) .......................................................................2

24

*Dr. Seuss Enters., L.P. v. ComicMix LLC*,
  256 F. Supp. 3d 1099 (S.D. Cal. 2017)...............................................................14

25

26

*Dreamwerks Prod. Grp., Inc. v. SKG Studio*,
  142 F.3d 1127 (9th Cir. 1998) .......................................................................11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

2   *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*,
        618 F.3d 1025 (9th Cir. 2010) .................................................................11

3   *Gregg v. Haw., Dep't of Pub. Safety*,
4       870 F.3d 883 (9th Cir. 2017) ...................................................................10

5   *Herrera v. Zumiez, Inc.*,
        953 F.3d 1063 (9th Cir. 2020) .................................................................10

6   *Int'l Payment Servs., LLC v. CardPaymentOptions.com, Inc.*,
7       No. 2:14-CV-02604-CBM-JC, 2015 WL 12656280 (C.D. Cal. June 5, 2015) ......19

8   *KEMA, Inc. v. Koperwhats*,
        658 F. Supp. 2d 1022 (N.D. Cal. 2009) .....................................................9

9   *Khoja v. Orexigen Therapeutics, Inc.*,
10      899 F.3d 988 (9th Cir. 2018) ....................................................................2

11  *Kuhlmann v. Sabal Fin. Grp. LP*,
12      26 F. Supp. 3d 1040 (W.D. Wash. 2014)...................................................10

13  *Mattel, Inc. v. Walking Mountain Prods.*,
        353 F.3d 792 (9th Cir. 2003) ...............................................................11, 12

14  *New Kids on the Block v. News Am. Pub., Inc.*,
15      971 F.2d 302 (9th Cir. 1992) ........................................................... passim

16  *New W. Corp. v. NYM Co. of Cal.*,
17      595 F.2d 1194 (9th Cir. 1979) .................................................................22

18  *Pasadena Tournament of Roses Ass'n v. City of Pasadena*,
        No. 221CV01051ABJEMX, 2021 WL 3553499 (C.D. Cal. July 12, 2021) .........14, 16, 19, 20

19  *PC Drivers Headquarters, LP v. Malwarebytes Inc.*,
20      371 F. Supp. 3d 652 (N.D. Cal. 2019) .......................................................14

21  *Playboy Enters., Inc. v. Welles*,
22      279 F.3d 796 (9th Cir. 2002) ............................................................13, 16, 17

23  *Stevo Design, Inc. v. SBR Mktg. Ltd.*,
        919 F. Supp. 2d 1112 (D. Nev. 2013).......................................................15

24  *Sumerix v. United States*,
25      No. 3:19-CV-05976-RBL, 2020 WL 1515639 (W.D. Wash. Mar. 30, 2020).......................10

26  *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*,
        445 F. Supp. 3d 139 (N.D. Cal. 2020).........................................................2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Toyota Motor Sales, U.S.A., Inc. v. Tabari*,
   610 F.3d 1171 (9th Cir. 2010) ...................................................................... passim

*Volkswagenwerk Aktiengesellschaft v. Church*,
   411 F.2d 350 (9th Cir.), *supplemented* 413 F.2d 1128 (9th Cir. 1969) ...............................12

*WCVB-TV v. Bos. Athletic Ass'n*,
   926 F.2d 42 (1st Cir. 1991)...............................................................................12

RULES

Fed. R. Civ. P. 12 .................................................................................... passim

OTHER AUTHORITY

5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*
   § 1367 (3d ed. 2004) ........................................................................................9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

## INTRODUCTION

2      Defendant and Counter-Claimant Doxo, Inc. ("Doxo") seeks judgment on the pleadings on

3   its declaratory judgment counterclaim and the claims asserted by Plaintiffs and Counter-

4   Defendants CMRE Financial Services, Inc. ("CMRE") and Professional Claims Bureau ("PCB"

5   and, collectively, "Plaintiffs"). *See* Fed. R. Civ. P. 12(c).

6      Doxo offers a streamlined and secure all-in-one online bill-payment platform through

7   which consumers can pay thousands of billers across the country. Doxo uses the names of the

8   billers to identify the billers themselves. That's what Doxo did here.

9      Plaintiffs contend that Doxo is legally prohibited from accurately referring to Plaintiffs by

10  using Plaintiffs' names. Plaintiffs' position is contrary to trademark law. To the extent Doxo has

11  used or is using any marks in which Plaintiffs own rights, Doxo has only used those marks to refer

12  to Plaintiffs—as there is no other way to refer to Plaintiffs (or any other biller) other than by using

13  their names. In connection with any such use, Doxo takes no actions that would confuse any

14  reasonable consumer. To the contrary, Doxo expressly and repeatedly disclaims any relationship

15  with Plaintiffs, and only uses Plaintiffs' names to identify Plaintiffs amidst Doxo's own strong and

16  consistent branding—the DOXO trademark, the Doxo logo, and other consistent design elements.

17  Plaintiffs unsurprisingly allege no facts even suggesting that consumers are confused.

18     It is clear from the face of the pleadings that Doxo's use of Plaintiffs' marks is non-

19  infringing nominative fair use: Doxo cannot identify Plaintiffs on its bill-payment webpage

20  without using Plaintiffs' marks, Doxo has used no more of Plaintiffs' marks then necessary, and

21  Doxo does not imply sponsorship or endorsement by Plaintiffs. In short, no reasonable consumer

22  would be confused into believing that Plaintiffs endorse or sponsor Doxo's webpage. The Court

23  should therefore dismiss the Complaint and rule in Doxo's favor on its declaratory judgment claim.

24

25

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**STATEMENT OF FACTS**[1]

**A.      Factual background**

Plaintiffs CMRE and PCB are debt collection agencies. Compl. (Dkt. 1) ¶ 1.  They claim to own trademarks in the terms CMRE FINANCIAL SERVICES and PROFESSIONAL CLAIMS BUREAU. *Id.* ¶¶ 14, 36.

Doxo offers an online payment service. *Id.* ¶ 15. As explained on Doxo's website, depicted in the Complaint, Doxo "is a secure all-in one service to organize all your provider accounts in a single app, enabling payment delivery to thousands of billers":



Compl. ¶ 18 (highlighting added); *see also id.* ¶ 38 (same for PCB). Doxo "enables secure bill payment on [its customers'] behalf[.]" *Id.* ¶ 18. Doxo's online payment service offers "[s]tate of the art security," "[f]ree mobile app available on Google Play & Apple App Store" and "[r]eal-

---

[1] The Court may consider the entirety of Doxo's website. "The [incorporation-by-reference] doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Plaintiffs repeatedly cite Doxo's website in their Complaint. *See, e.g.*, Compl. ¶¶ 15, 18. This Court may therefore consider other images and quotes from Doxo's website, including from Doxo's Counterclaim (Dkt. No. 13), without converting this Motion into one for summary judgment. *See Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1997) (courts ruling under Rule 12(b)(6) "may consider the full texts of documents which the complaint quotes only in part"). Alternatively, the Court may judicially notice that certain information is contained in images of Doxo's website. *See, e.g.*, *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

time tracking and bill history"; helps customers "[n]ever miss a due date with reminders and scheduled payments"; and "[p]ays thousands of billers directly from [a customer's] phone." *Id.* Its service is consumer friendly, offering "[s]imple, protected bill pay" and "help[ing] over 7 million people break free from the bill burden, protect financial health, and accomplish financial goals":



Countercl. (Dkt. 13) ¶ 7. Doxo's website offers a "biller profile page" for each biller. *See* Compl. ¶¶ 18, 38. The biller profile page is standardized across all billers in Doxo's directory. *See id.* For example, the biller profile pages for PCB and CMRE are identical—both indicating that customers can "Pay Your Bills Securely with doxo"—except that one page names "Professional Claims Bureau" and the other names "CMRE Financial Services." *Id.*

DOXO'S MOTION FOR JUDGMENT ON THE PLEADINGS
(No. 2:22-cv-00298-RAJ-BAT) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

The biller profile page includes various items making clear that Doxo is not affiliated with any one biller, including numerous disclaimers. For instance, the PCB biller profile page (only partially depicted in the Complaint) advises users that Doxo "is not an affiliate of or endorsed by Professional Claims Bureau"; that Doxo "is not an affiliate of Professional Claims Bureau"; that "[l]ogos and other trademarks within this site are the property of their respective owners"; and that "[n]o endorsement has been given or is implied":



Compl. ¶ 38 (highlighting added); *see also id.* ¶ 18 (same disclaimers on CMRE page).

Other items on the biller profile page make clear that Doxo is an independent site and not affiliated with any one biller, including: a list of overlapping billers ("Customer Base Overlap," showing, *e.g.*, that PCB followers "most often also follow" Quest Diagnostics, LabCorp, National Grid, etc.); a payment location map (indicating, *e.g.*, that "Professional Claims Bureau has 4,186 customers following on Doxo" and where in the country they tend to be located); and Frequently Asked Questions that point customers directly to the biller for further information:

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Countercl. ¶ 14. The Doxo biller profile page also features prominent Doxo branding, including the DOXO trademark, the Doxo logo, and the top banner in Doxo blue. *Id.*; *see also* Compl. ¶ 37 (discussing "Infringing Webpage" "found at https://www.doxo.com/info/p-c-b-inc-ny", the full version of which reflects prominent Doxo branding).

Beyond the biller profile page, Doxo users encounter additional notices specifically disclaiming any endorsement, sponsorship, or affiliation by any biller. For example, the payment checkout experience page for PCB (where customers enter their account information) again notifies users that Doxo "is not an affiliate of Professional Claims Bureau," that "[l]ogos and other trademarks within this site are the property of their respective owners," and that "[n]o endorsement has been given nor is implied":

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Countercl. ¶ 31 (highlighting added).

       To further disclaim any affiliation by billers (including CMRE and PCB) and to ensure the user understands the timing of their payment delivery, Doxo requires users to confirm certain language by checking a box on the final page of the payment process, where the Doxo user reviews its complete payment information and submits the payment. The user must confirm: "I understand the delivery date for my payment will be [PAYMENT DEADLINE]. If you have received an overdue notice or need to deliver your payment sooner, do not complete payment here. Instead, contact the company directly to make your payment." *Id.* ¶ 32.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000





*Id.* The confirmation screen that appears after the users submit their payment reflects the tracking information and gives users the ability to cancel the transaction:



*Id.* ¶ 33.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    The user receives an email receipt from Doxo, through Doxo's email address, again

2    clarifying that Doxo—and not Plaintiffs or any other biller—is the party providing the service:



14   *Id.* ¶ 34.

15   **B.    Procedural background**

16   CMRE and PCB sued Doxo for unfair competition under the Lanham Act on the ground

17   that, by using Plaintiffs' trademarks on its website, "Doxo is falsely representing itself as [CMRE's

18   and PCB's] authorized representative." Compl. ¶ 1. Plaintiffs allege, "[o]n information and belief,

19   [that Plaintiffs'] customers have been and are being confused by Doxo's Webpage into making

20   payments on accounts to Doxo that were sought and due to [Plaintiffs]." *Id.* ¶¶ 25, 45; *see also id.*

21   ¶ 53. Plaintiffs also include three derivative claims—violation of Washington's Consumer

22   Protection Act ("CPA"), tortious interference with business relations, and conversion—based on

23   the same core allegation that Doxo's use of Plaintiffs' marks misleads consumers into believing

24   that Plaintiffs endorse or sponsor Doxo's bill-payment service. *Id.* ¶¶ 61, 63, 70, 77. The Complaint

25   does not allege any facts suggesting actual consumer confusion.

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    Doxo answered and counterclaimed, seeking a declaratory judgment that Doxo's use of

2    Plaintiffs' marks constitutes nominative fair use and therefore does not constitute trademark

3    infringement or otherwise violate the Lanham Act or the CPA and does not constitute tortious

4    interference or conversion. Countercl. ¶¶ 40–52.

5    CMRE and PCB moved to dismiss and/or strike Doxo's Counterclaim, arguing that the

6    Counterclaim merely "repackaged" issues already raised in the Complaint and that certain

7    affirmative defenses were not valid. Dkt. 19, 22. This Court affirmed Magistrate Tsuchida's Report

8    and Recommendation and denied Plaintiffs' motion to dismiss Doxo's Counterclaim. Dkt. 25

9    (adopting R & R, Dkt. 23). It recognized that Doxo's Counterclaim "is properly pled and premised

10   on a narrow issue—the applicability of the nominative fair use doctrine." Dkt. 23 at p. 6. Although

11   both parties agreed that the nominative fair use doctrine applies, the Court could not "say that there

12   is *no doubt* that Doxo's Counterclaim will be rendered moot by the adjudication of Plaintiffs'

13   claims." *Id.* at p. 7. And if "this Court dismisses the Counterclaim, Doxo would then be left in

14   these circumstances without a claim to establish that its use of Plaintiffs' marks (or use of other

15   online billers) is protected under the nominative fair use doctrine."[2] *Id.* CMRE and PCB filed their

16   answer to the Counterclaim on August 26, 2022. Dkt 26.

17   Doxo now seeks to show that its use of Plaintiffs' marks constitutes nominative fair use.

18                                              **ARGUMENT**

19   A party may seek judgment on the pleadings "after the pleadings are closed—but early

20   enough not to delay trial." Fed. R. Civ. P. 12(c). When a counterclaim is filed, "the pleadings are

21   closed . . . [upon] the filing of an answer to a counterclaim." 5C Charles Alan Wright & Arthur R.

22   Miller, *Federal Practice & Procedure* § 1367 (3d ed. 2004); *see also KEMA, Inc. v. Koperwhats*,

23   658 F. Supp. 2d 1022, 1027 (N.D. Cal. 2009) ("Where, as here, . . . a counterclaim is pleaded, the

24   pleadings are closed only when the plaintiff serves his reply." (cleaned up)).

25

26

---

[2] The Court granted Plaintiffs' request to dismiss nominative fair use as an affirmative defense but otherwise denied Plaintiffs' motion. Dkt. 23 & 25.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

In deciding a Rule 12(c) motion, all facts alleged by the opposing party are accepted as true and construed in the light most favorable to that party. *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1068 (9th Cir. 2020). "As under a Rule 12(b)(6) motion to dismiss, a Rule 12(c) motion for judgment on the pleadings is properly granted only when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Id.* (cleaned up); *see also Gregg v. Haw., Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) ("Because a Rule 12(c) motion is functionally identical to a Rule 12(b)(6) motion, the same standard of review applies to motions brought under either rule." (cleaned up)). "[C]onclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion." *Sumerix v. United States*, No. 3:19-CV-05976-RBL, 2020 WL 1515639, at *1 (W.D. Wash. Mar. 30, 2020) (citing *Vazquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007) and *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001)). In addition to the pleadings, courts may consider "documents attached to the pleadings, documents incorporated by reference in the pleadings, and matters of judicial notice." *See Kuhlmann v. Sabal Fin. Grp. LP*, 26 F. Supp. 3d 1040, 1053 (W.D. Wash. 2014) (citation omitted)); *supra* note 1.

Dismissing trademark infringement claims is appropriate where the defendant's nominative fair use is clear on the face of the complaint. *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 894 (9th Cir. 2019); *infra* Part I(B).

## I.    Doxo's use constitutes nominative fair use as a matter of law.

The Court should hold as a matter of law that Doxo's use of Plaintiffs' marks constitutes nominative fair use. Plaintiffs have not, and cannot, satisfy their burden of showing that Doxo's use of their trademarks is not protected by the nominative fair use doctrine. The Complaint does not provide a basis for concluding that Doxo can identify Plaintiffs without using their trademarks, that Doxo used more of the marks than necessary, or that Doxo falsely suggested it was sponsored or endorsed by Plaintiffs. To the contrary, the pleadings show that a reasonable consumer would understand that Doxo is an entirely independent bill-payment service.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    **A.    Likelihood of confusion and nominative fair use**

2    "The core element of trademark infringement is protecting against a likelihood of

3    confusion, which helps to ensure that owners of trademarks can benefit from the goodwill

4    associated with their marks and that consumers can distinguish among competing producers."

5    *Adobe Sys. Inc. v. Christenson*, 809 F.3d 1071, 1081 (9th Cir. 2015) (cleaned up). In other words,

6    the Lanham Act aims "to avoid confusion in the marketplace by allowing a trademark owner to

7    prevent others from duping consumers into buying a product they mistakenly believe is sponsored

8    by the trademark owner." *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 806 (9th Cir.

9    2003) (cleaned up). "[T]he problem [is] of one producer's placing his rival's mark on his own

10   goods." *New Kids on the Block v. News Am. Pub., Inc.*, 971 F.2d 302, 305 (9th Cir. 1992); *see,*

11   *e.g.*, *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979) (plaintiff selling boats

12   under the SLICKCRAFT mark sued defendant selling boats under SLEEKCRAFT mark for

13   trademark infringement under the Lanham Act).

14       To establish trademark infringement, "a trademark holder must show that the defendant's

15   use of its trademark 'is likely to cause confusion, or to cause mistake, or to deceive.'" *Fortune*

16   *Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1030 (9th Cir. 2010)

17   (quoting 15 U.S.C. § 1125(a)(1)). Likelihood of confusion exists when "a reasonably prudent

18   consumer in the marketplace is likely to be confused as to the origin of the good or service bearing

19   one of the marks," *Dreamwerks Prod. Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir.

20   1998) (cleaned up), and is assessed based on eight non-exhaustive factors that this Circuit calls the

21   "*Sleekcraft* factors," *Fortune*, 618 F.3d at 1030.[3]

22       But when "a defendant uses the mark to refer to the trademarked good itself," rather than

23   its *own* service or product, the traditional trademark infringement analysis does not apply. *Toyota*

24   *Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1175 (9th Cir. 2010) (citations omitted). That's

25   ---
26   [3] The eight factors include: strength of the mark; proximity of the goods; similarity of the marks; evidence of actual confusion; marketing channels used; type of goods and degree of care likely to be exercised by purchasers; the defendant's intent; and likelihood of expansion of the product lines. *Sleekcraft*, 599 F.2d at 348–49.

because the defendant's use of the plaintiff's mark to truthfully refer to *the plaintiff*—whether that be "for purposes of comparison, criticism, point of reference or any other such purpose"—"does not attempt to capitalize on consumer confusion or to appropriate the cachet of one product for a different one." *New Kids*, 971 F.2d at 306, 308. For example, an automobile shop that uses the VOLKSWAGEN mark to advertise that it repairs Volkswagen cars uses the mark to refer to Volkswagen cars, not its own services. *See Volkswagenwerk Aktiengesellschaft v. Church*, 411 F.2d 350 (9th Cir.), *supplemented* 413 F.2d 1128 (9th Cir. 1969). Likewise, a television station that broadcasts the mark BOSTON MARATHON merely describes an annual sporting event trademarked under that name. *See WCVB-TV v. Bos. Athletic Ass'n*, 926 F.2d 42 (1st Cir. 1991).

In trademark parlance, this is called "nominative fair use." As the Ninth Circuit explained in *New Kids*, its seminal nominative fair use decision, a non-confusing nominative use cannot constitute trademark infringement:

> *[N]ominative use* of a mark—where the only word reasonably available to describe a particular thing is pressed into service—lies outside the strictures of trademark law: Because it does not implicate the source-identification function that is the purpose of trademark, it does not constitute unfair competition; such use is fair because it does not imply sponsorship or endorsement by the trademark holder. When the mark is used in a way that does not deceive the public we see no such sanctity in the word as to prevent its being used to tell the truth.

971 F.2d at 308 (cleaned up) (holding that use of NEW KIDS ON THE BLOCK mark to refer to the boy band in a newspaper survey was nominative fair use); *see also Adobe*, 809 F.3d at 1081 ("[T]rademark law generally does not reach the sale of genuine goods bearing a true mark even though such sale is without the mark owner's consent." (cleaned up)). When used nominatively, marks "assume a role outside the bounds of trademark law," such that "the trademark owner does not have the right to control public discourse whenever the public imbues his mark with a meaning beyond it source-identifying function." *Mattel*, 353 F.3d at 807 (cleaned up).[4]

---

[4] Nominative fair use is different than "classic fair use," a defense that applies when "the defendant has used the plaintiff's mark to describe the defendant's *own* product" and "*not at all to describe the plaintiff's product*." *Cairns*

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

In nominative fair use cases, the sole concern is "avoiding confusion over whether the speaker is endorsed or sponsored by the trademark holder." *Adobe*, 809 F.3d at 1081. "To that end, the [three-factor *New Kids*] test replaces the usual *Sleekcraft* factors as the proper measure of consumer confusion when a defendant uses the mark to refer to the trademarked good itself." *Id.* (citation omitted); *Sleekcraft*, 599 F.2d 341.[5] This Circuit addresses the following three factors:

> *First*, the product or service in question must be one not readily identifiable without use of the trademark; *second*, only so much of the mark or marks may be used as is reasonably necessary to identify the product or service; and *third*, the user must do nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder.

*New Kids*, 971 F.2d at 308 (italics added). If the nominative use satisfies these factors, it is not infringing.[6] *Toyota*, 610 F.3d at 1175–76. Critically, the *plaintiffs* "bear the burden of establishing that [the defendant's] use of [their] mark was *not* nominative fair use." *Id.* at 1182; *see also id.* ("A finding of nominative fair use is a finding that *the plaintiff* has failed to show a likelihood of confusion as to sponsorship or endorsement." (emphasis added)).

Here, it is undisputed that the *New Kids* factors apply. Dkt. 23 at p. 6 ("The parties agree that the 'nominative fair use' is an alternative set of factors to analyze if there is a likelihood of confusion in trademark cases *such as this one*, in which the defendant uses the accused mark to refer to the plaintiff." (emphasis added)); *see also* Dkt. 22 at p. 2. Even accepting their allegations as true, Plaintiffs cannot carry their burden of showing that Doxo's use is not nominative and fair.

---

*v. Franklin Mint Co.*, 292 F.3d 1139, 1150–51 (9th Cir. 2002) (citation omitted). The classic fair use defense applied, for example, where the defendant had sold a two-deck videocassette recorder called "VCR-2," a name which accurately described the defendant's product, not the plaintiff's. *Id.* at 1151 & n.9.

[5] The *New Kids* test "better evaluates the likelihood of confusion in nominative use cases" because it recognizes that "the trademark [used by the defendant] will be identical to the plaintiff's mark[.]" *Playboy Enters., Inc. v. Welles*, 279 F.3d 796, 801 (9th Cir. 2002). By contrast, the *Sleekcraft* test "focuses on the similarity of the mark used by the plaintiff and the defendant," such that its application in a nominative fair use case "would lead to the incorrect conclusion that virtually all nominative uses are confusing." *Id.* at 1151 n.9.

[6] "If the nominative use does not satisfy all the *New Kids* factors, the district court may order defendants to modify their use of the mark so that all three factors are satisfied." *Toyota*, 610 F.3d at 1176.

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**B.**    **The Court can resolve Doxo's nominative fair use on the pleadings.**

Early dismissal of trademark infringement claims is warranted where the defendant's nominative fair use is clear on the face of the pleadings. *See Lichtenegger*, 913 F.3d at 894. Indeed, this Circuit recently upheld the 12(b)(6) dismissal of a trademark claim where it was evident from the complaint that the defendant's use of the plaintiff's trademarks constituted nominative fair use. *Id.* at 887. The defendant publisher had advertised a seminar incorporating two trademarks owned by the plaintiff, a financial services company, to discuss (and, specifically, critique) the plaintiff's product. *Id.* at 888–89. In affirming the district court's dismissal, the Ninth Circuit reasoned "that plaintiff failed to state claims for which relief could be granted because, on the face of the complaint, it was clear that Defendants' alleged infringement constituted nominative fair use." *Id.* at 897. Although "the existence of consumer confusion is a fact-intensive analysis," it was evident from the complaint that no reasonable consumer would be confused by the defendant's seminar: "based on the critical nature of the presentation, the disclaimer included in the text, and the fact that Defendants advertised the seminar under the WCE banner, we cannot conclude that a 'reasonably prudent consumer' in the relevant marketplace could have interpreted Defendants' seminar as being endorsed or sponsored by Plaintiff." *Id.* (citation omitted).

Consistent with *Lichtenegger*, district courts in this Circuit routinely dismiss trademark infringement claims where the defendant's nominative fair use is clear from the face of the complaint. *See, e.g.*, *Pasadena Tournament of Roses Ass'n v. City of Pasadena*, No. 221CV01051ABJEMX, 2021 WL 3553499, at *6 (C.D. Cal. July 12, 2021) (dismissing trademark claims under Rule 12(b)(6) where the "Plaintiff ha[d] not met its burden of proving Defendant's use of the Rose Bowl mark is not a nominative fair use."); *PC Drivers Headquarters, LP v. Malwarebytes Inc.*, 371 F. Supp. 3d 652, 666 (N.D. Cal. 2019) ("[T]he face of the Complaint and screenshots of Malwarebytes' software notifications establish the three requirements for the fair use defense."); *Dr. Seuss Enters., L.P. v. ComicMix LLC*, 256 F. Supp. 3d 1099, 1112 (S.D. Cal. 2017) (granting motion to dismiss trademark claims and observing that "[c]ourts in our Circuit

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

have considered and dismissed causes of action on nominative fair use grounds at the motion to dismiss stage"); *Basil v. New Razor & Tie Enters., LLC*, No. CV 17-8728 PA (AGRX), 2018 WL 3869480, at *4 (C.D. Cal. Feb. 14, 2018) ("Basil's Lanham Act claim alleges no well-pleaded facts that would support a claim that [the plaintiff's use does] not . . . constitute nominative fair use."); *Beachbody, LLC v. Universal Nutrients, LLC*, No. CV 16-02015-R, 2016 WL 3912014, at *2 (C.D. Cal. July 18, 2016) ("Plaintiff does not allege sufficient facts to defeat Defendants' nominative fair use defense, and therefore, Plaintiff's trademark infringement claim is dismissed."); *Capcom Co. v. MKR Grp., Inc.*, No. C 08-0904 RS, 2008 WL 4661479, at *13 (N.D. Cal. Oct. 20, 2008) (dismissing alleged "violation of the Lanham Act as a matter of law" because "the use of Romero's name on the disclaimer is a nominative fair use"); *Stevo Design, Inc. v. SBR Mktg. Ltd.*, 919 F. Supp. 2d 1112, 1124 (D. Nev. 2013) (dismissing trademark claim on the pleadings because "Plaintiffs have failed to allege anything beyond [defendant's] nominative fair use of their marks"); *1800 Get Thin, LLC v. Hiltzik*, No. CV11-00505 ODW PJWX, 2011 WL 3206486, at *3 (C.D. Cal. July 25, 2011) (same); *Adaptive Mktg. LLC v. Girard Gibbs LLP*, No. CV 09-04739 RGK RCX, 2009 WL 8464168, at *4 (C.D. Cal. Oct. 9, 2009) (same).

## C.  The *New Kids* factors are satisfied based on the pleadings.

Here, too, the Court should hold as a matter of law that Doxo's use of CMRE's and PCB's trademarks constitutes nominative fair. It is clear from the pleadings that (1) Plaintiffs cannot be identified on Doxo's website without their trademarks; (2) Doxo used no more of Plaintiffs' marks than necessary; and (3) Doxo's use does not imply sponsorship or endorsement by Plaintiffs.

### 1.  Doxo cannot identify Plaintiffs without using their trademarks.

The first *New Kids* factor—that "the product or service in question must be one not readily identifiable without use of the trademark"—is easily satisfied on the pleadings because it would seemingly be impossible for consumers to search for and identify Plaintiffs on Doxo's website without using Plaintiffs' marks. 971 F.2d at 308.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Using a trademark is appropriate where it is "the most straightforward, obvious and truthful way to describe" the service or product associated with that mark. *Toyota*, 610 F.3d at 1177. That a descriptive substitute *exists* is insufficient. Thus, "one might refer to 'the two-time world champions' or 'the professional basketball team from Chicago,' but it's far simpler (and more likely to be understood) to refer to the Chicago Bulls." *New Kids*, 971 F.2d at 306. Similarly, "one might refer to 'the English princess who died in a car crash in 1997,'" but it is much more straightforward, and clearer, "to refer to 'Princess Diana.'" *Cairns*, 292 F.3d at 1153; *see also, e.g.*, *Playboy Enters.*, 279 F.3d at 802 (holding that former Playmate of the Year need not "describe herself as 'nude model selected by Mr. Hefner's magazine as its number-one prototypical woman for the year 1981'"). Concluding otherwise "would allow the language to be depleted in much the same way as if generic words" (*e.g.*, bread, shoes, or cars) "were protectable." *Playboy*, 279 F.3d at 802 (citation omitted); *see also New Kids*, 971 F.2d at 307 ("Much useful social and commercial discourse would be all but impossible if speakers were under threat of an infringement lawsuit every time they made reference to a person, company or product by using its trademark.").

Here, it is clear from Plaintiffs' Complaint that Doxo users could not identify CMRE and PCB as two of the "thousands of billers" on Doxo's website without using Plaintiffs' respective marks. *See* Compl. ¶ 18. Let's say Doxo replaced CMRE's mark with a descriptive phrase like "a collection agency that collects from consumers across the country and is based in California." *See* Compl. ¶¶ 7, 13. Even setting aside that using such a vague, unhelpful phrase in lieu of a trademark is not required, *Pasadena*, 2021 WL 3553499, at *6, Doxo users would have no chance of identifying CMRE through a search on Doxo's website. *See* Compl. ¶ 16 ("Doxo's homepage has a search bar that allows Doxo users to search Doxo's biller network pages."). Even if the user (a) thought to search for a descriptive phrase rather than CMRE's name and (b) happened to come up with the phrase selected, the user could not know if they had found CMRE or some other debt collection agency based in California. *See Playboy*, 279 F.3d at 804 (reasoning that "[s]earchers

1   would have a much more difficult time locating relevant websites if they could do so only by

2   correctly guessing the long phrases necessary to substitute for trademarks").

3   And requiring Doxo to use "absurd turns of phrase" would be "particularly damaging"

4   here, where millions of people utilize Doxo's website to pay bills and precision in identifying

5   particular billers is paramount. *See id.* at 803–04; Countercl. ¶ 7. As evident from the Complaint,

6   Doxo's bill-paying system hinges on its users' ability to correctly identify a particular biller among

7   thousands of others in Doxo's system—including those with general, descriptive names like

8   "CMRE Financial Services" and "Professional Claims Bureau." To preclude Doxo from using

9   Plaintiffs' (and other billers') marks would undermine the functionality of Doxo's consumer-

10  friendly service—a result that the first nominative fair use factor is meant to prevent. *See Adaptive*

11  *Mktg.*, 2009 WL 8464168, at *3 (holding that the first factor was satisfied because, "[w]ithout the

12  use of Plaintiffs' marks, [defendant's services] would not perform their intended function").

13  Plaintiffs' "limited pleadings do not provide a basis to assume that consumers would

14  readily identify [them] without also using the[ir] trademark[s]." *Beachbody*, 2016 WL 3912014,

15  at *2. Rather, it is clear that "no descriptive substitute exists for [Plaintiffs'] trademarks in this

16  context." *Playboy*, 279 F.3d at 804. The first *News Kids* factor is satisfied as a matter of law.

17  **2.      Doxo did not use more of Plaintiffs' marks than necessary.**

18  The second prong of the *New Kids* test addresses whether "only so much of the mark or

19  marks may be used as is reasonably necessary to identify the product or service[.]" 971 F.2d at

20  308. "What is reasonably necessary to identify the plaintiff's product differs from case to case."

21  *Cairns*, 292 F.3d at 1154 (citations omitted). This Circuit has explained that where "the description

22  of the defendant's products depends on the description of the plaintiff's product, more use of the

23  plaintiff's trademark is reasonably necessary to identify the plaintiff's product than in cases where

24  the description of the defendant's product does *not* depend on the descripting of the plaintiff's

25  product." *Id.* (cleaned up). Thus, "General Motors would probably be able to sell its Oldsmobile

26  Eighty–Eight without any reference to a basketball star who, like the car, received an award three

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  years in a row[,] . . . [b]ut it is doubtful whether Franklin Mint would be able to sell its 'Diana,

2  Princess of Wales Porcelain Portrait Doll' without prominent reference to Princess Diana." *Id.*

3      Here, the Court should hold as a matter of law that the extent of Doxo's use of Plaintiffs'

4  marks is reasonable. As an initial matter, and as discussed above, Doxo's bill-paying service

5  "depends on the description of the plaintiff's product[.]" *Cairns*, 292 F.3d at 1154 (citations

6  omitted); *see supra* Part I(C)(I). Because Doxo cannot operate its business without clearly

7  identifying thousands of billers, "more use of the plaintiff's trademarks is reasonably necessary to

8  identify the plaintiff's product[.]" *Id.*; *see also Lichtenegger*, 913 F.3d at 894 ("Defendants needed

9  to communicate that they critiqued the EquityComp program, and so using the mark in the title

10 and description of the program accomplished this goal." (cleaned up)); *Cairns*, 292 F.3d at 1154

11 ("Franklin Mint had to ensure that its customers understood the references to Princess Diana, and

12 it did what was 'reasonably necessary' for this purpose.").

13      Regardless, Doxo uses each Plaintiffs' mark sparingly and the references are generally

14 qualified to disclaim any association between Doxo and Plaintiffs, *e.g.*, "Pay Your Professional

15 Claims Bureau bill *with doxo*" and "Professional Claims Bureau *by doxo*." Countercl. ¶ 14

16 (emphasis added).



17

18

19

20

21

22

23

24

25

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Id.*; *see* Compl. ¶¶ 18, 38.

Doxo uses billers' marks to ensure that its users can identify the correct biller among the thousands of others, including those, like CMRE and PCB, that have weak descriptive marks. *See Americana Trading Inc. v. Russ Berrie & Co.*, 966 F.2d 1284, 1287 (9th Cir. 1992) ("Descriptive marks are generally regarded as weak and entitled to less protection than fanciful or arbitrary marks." (citation omitted)). And Plaintiffs' marks—like all other billers' marks—are surrounded by numerous other disclaimers (*e.g.*, "Logos and other trademarks within this site are the property of their respective owners. No endorsement has been given nor is implied," Compl. ¶¶ 18, 38) as well as prominent Doxo branding—the DOXO trademark, the Doxo logo, and the top banner in Doxo blue. *See id.*; *see also* Compl. ¶ 37 (partially depicting "Infringing Webpage" "found at https://www.doxo.com/info/p-c-b-inc-ny", the full version of which reflects Doxo branding); *see infra* Part I(C)(III). No reasonable consumer would infer endorsement or sponsorship based on the extent of Doxo's use of Plaintiffs' marks, and Plaintiffs have alleged no facts showing otherwise. *See Aviva USA Corp. v. Vazirani*, 902 F. Supp. 2d 1246, 1265 (D. Ariz. 2012) (summary judgment order), *aff'd*, 632 F. App'x 885 (9th Cir. 2015); *see also Int'l Payment Servs., LLC v. CardPaymentOptions.com, Inc.*, No. 2:14-CV-02604-CBM-JC, 2015 WL 12656280, at *4 (C.D. Cal. June 5, 2015) (holding as a matter of law that the defendant had not used more of plaintiff's mark than reasonably necessary, despite referring to plaintiff over 50 times and using its logo, since it "merely demonstrate[d] referential use of Plaintiff's Mark, not gratuitous use").

"The Complaint does not," and cannot, "allege any well-pleaded facts suggesting that [Doxo] used more of the marks than reasonably necessary to communicate its intended message." *Pasadena*, 2021 WL 3553499, at *6; *see Adaptive Mktg.*, 2009 WL 8464168, at *4 ("There is no factual allegation that suggests Defendants have used more than what they needed to be able to communicate with potential clients."). The second *New Kids* factor is satisfied.

DOXO'S MOTION FOR JUDGMENT ON THE PLEADINGS
(No. 2:22-cv-00298-RAJ-BAT) – 19

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

2

### 3.      Doxo does not imply (and, in fact, expressly denies) sponsorship or endorsement by Plaintiffs.

3

Lastly, Doxo has done "nothing that would, in conjunction with the mark, suggest

4

sponsorship or endorsement by the trademark holder." *New Kids*, 971 F.2d at 308. In addressing

5

the third nominative fair use factor, this Court's "focus must be on the reasonably prudent

6

consumer in the marketplace." *Toyota*, 610 F.3d at 1176 (explaining that "the relevant consumer"

7

in the context of an auto broker's website "is a reasonably prudent consumer accustomed to

8

shopping online; the kind of consumer who is likely to visit the [auto broker's] website when

9

shopping for an expensive product like a luxury car"). "Unreasonable, imprudent and

10

inexperienced web-shippers are not relevant." *Id.* In evaluating whether a use implies sponsorship

11

or endorsement, this Circuit considers, for example, the existence of disclaimers and the presence

12

of the defendant's own branding. *See Lichtenegger*, 913 F.3d at 897.

13

It is evident from the pleadings that a reasonable consumer—here, one visiting Doxo's

14

website to pay her various bills in one place—would not believe that either CMRE or PCB

15

endorses or sponsors Doxo's site. Far from suggesting sponsorship, Doxo's website is replete with

16

disclaimers and various other items making clear that Doxo is an independent site and not affiliated

17

with any one biller. *See Pasadena*, 2021 WL 3553499 at *6 (dismissal of trademark claims

18

appropriate where defendant "did not use any express or implied language of sponsorship or

19

endorsement"). The PCB biller page, for example, advises that Doxo "is not an affiliate of or

20

endorsed by Professional Claims Bureau"; that Doxo "is not an affiliate of Professional Claims

21

Bureau"; that "[l]ogos and other trademarks within this site are the property of their respective

22

owners"; and that "[n]o endorsement has been given or is implied." Compl. ¶ 38. More disclaimers

23

appear on the customer checkout page and during the payment process. Countercl. ¶¶ 31–32.

24

Although this Circuit does not require disclaimers, it has stressed that "inclusion of such

25

words will usually negate any hint of sponsorship or endorsement[.]" *Toyota*, 610 F.3d at 1177;

26

*see also, e.g.*, *Capcom*, 2008 WL 4661479, at *13 ("[N]othing about using a mark in a disclaimer

1    denying affiliation gives rise to confusion. [Plaintiff]'s claim premised on the disclaimer . . . must

2    be dismissed."); *Beachbody*, 2016 WL 3912014, at \*2 ("[Because it is] clearly stated on the back

3    of OmniHealth boxes that Defendant's meal replacement shake is not associated with

4    'shakeology'[,] . . . Plaintiff does not allege sufficient facts to demonstrate consumers are likely to

5    be confused about a relationship between Plaintiff's and Defendants' products."). Defendant's

6    numerous disclaimers alone are sufficient to prevent the appearance of sponsorship or

7    endorsement. *See* Compl. ¶¶ 18, 38.

8         But Doxo's website is *also* covered in its own prominent branding, including the DOXO

9    trademark, the Doxo logo, and the top banner in Doxo blue. Countercl. ¶ 14; *see Lichtenegger*,

10   913 F.3d at 897 (emphasizing that the defendants "advertised the seminar under [their own]

11   banner" in holding that no reasonable consumer could be confused). Taken together with the

12   disclaimers and other items on the biller profile page making clear that Doxo is an independent

13   site (*e.g.*, a list of overlapping billers and a payment location map), it is implausible that any

14   reasonable consumer accustomed to navigating the internet would be confused.

15        Unsurprisingly, Plaintiffs have alleged no facts even suggesting that consumers are

16   confused. The Complaint merely asserts, "[on] information and belief," that Plaintiffs' "consumers

17   have been and are being confused by Doxo's Webpage into making payments on accounts to Doxo

18   that were sought and due to [Plaintiffs]." Compl. ¶¶ 25, 45; *see also, e.g.*, Compl. ¶¶ 18, 38

19   (alleging without factual support that Doxo's URLs are "deceptive[]"). The Ninth Circuit has

20   rejected attempts to survive Rule 12 motions based on such conclusory allegations:

21        Plaintiff pleaded no . . . facts of actual confusion. Instead, the complaint stated only
22        that 'Defendants' improper use of the APPLIED UNDERWRITERS IP has caused,
          and will continue to cause, damaging and actual confusion among the public.' That
23        conclusory statement constituted the only evidence of confusion contained in the
          complaint, and at no other point did Plaintiff plead facts suggesting that the use of
24        its marks led consumers to assume that it sponsored or endorsed Defendants'
          seminar. . . . *[The Complaint's] scant, conclusory allegations of consumer
25        confusion, . . . even when considered in the light most favorable to Plaintiff were*
26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*belied by the allegedly infringing email attached to the complaint, which demonstrated nominative fair use.*

*Lichtenegger*, 913 F.3d at 895, 897 (emphasis added); *see also Beachbody*, 2016 WL 3912014, at *2 ("[The Complaint] does not provide any evidence of consumers actually associating the two brands because of the OmniHealth packaging."). As in *Lichtenegger*, Plaintiffs' Complaint includes only "scant, conclusory allegations of consumer confusion," which cannot overcome the clear evidence compelling the opposite conclusion, including significant disclaimers and Doxo branding. 913 F.3d at 895, 897. In all events, consumer confusion in this context would not be reasonable. *Toyota*, 610 F.3d at 1176. A "likelihood of confusion is implausible" on the face of the pleadings. The third *New Kids* factor is satisfied as a matter of law. *Id.* at 896.

\* \* \* \*

Because Plaintiffs cannot be reliably identified without using their marks and because Doxo used no more of Plaintiffs' marks than necessary to identify them in a non-confusing manner, Doxo's use is protected by nominative fair use doctrine. The Complaint alleges no facts that contradict this clear conclusion and, in fact, establishes that Defendant's use is non-infringing.

## II.    Doxo's nominative use defense precludes Plaintiffs' Lanham Act and related claims as a matter of law.

This Circuit has "long held that [nominative] use of the trademark is a fair use," and "fair use is, by definition, not infringement." *Toyota*, 610 F.3d at 1175. Because Doxo's use of Plaintiffs' marks on its website constitutes nominative fair use, Plaintiffs' Lanham Act claim (Count I) fails as a matter of law. *See New W. Corp. v. NYM Co. of Cal.*, 595 F.2d 1194, 1201 (9th Cir. 1979) ("Whether we call the violation infringement, unfair competition or false designation of origin, the test is identical is there a 'likelihood of confusion?'").

Plaintiffs' other derivative claims fail on the pleadings for the same reason: each hinges on alleged consumer confusion. *See* Compl. ¶ 61 (alleging that Doxo violated the CPA because it "falsely represented that Plaintiffs were affiliated with Doxo"); *id.* ¶ 70 (claiming that Doxo is

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  liable for tortious interference with business relations because it "has described and continues to

2  confuse and deceive, CMRE's consumers into making payments due and owing on collections

3  accounts to Doxo, instead of CMRE"); *id.* ¶ 77 (alleging that Doxo is liable for conversion because

4  Doxo has "confused and deceived, and continues to confuse and deceive, Plaintiffs' consumers

5  into making payments on collection accounts owed to Plaintiffs to Doxo instead"). Simply put,

6  reasonable consumers are neither confused nor deceived by Doxo's webpage. Plaintiffs' claims

7  based on that conclusory allegation fail on the pleadings. *See Lichtenegger*, 913 F.3d at 892–93 &

8  n.6 ("[A]lthough Plaintiff's complaint included various causes of action—including trademark

9  infringement and dilution and federal and state unfair competition—the nominative fair use

10  defense applied to all of its claims.").

11                                    **CONCLUSION**

12      Doxo's use of Plaintiffs' putative trademarks is shielded by the nominative fair use doctrine.

13  The Court should grant Doxo's motion, dismiss Plaintiffs' claims with prejudice, and rule in

14  Doxo's favor on its request for a declaratory judgment of nominative fair use.

15

16  Dated: September 2, 2022                By: s/ *William C. Rava*
                                               William C. Rava, Bar No. 29948
17                                             Alison R. Caditz, Bar No. 51530
                                               Caleb D. Bacos, Bar No. 58407
18                                             **Perkins Coie LLP**
19                                             1201 Third Avenue, Suite 4900
                                               Seattle, Washington 98101-3099
20                                             Telephone: +1.206.359.8000
                                               Facsimile: +1.206.359.9000
21                                             WRava@perkinscoie.com
                                               ACaditz@perkinscoie.com
22                                             CBacos@perkinscoie.com
23
                                               *Attorneys for Defendant Doxo, Inc.*
24

25

26

1

2

**CERTIFICATE OF SERVICE**

3          The undersigned certifies that the foregoing document was filed with the Clerk of the Court

through the Court's CM/ECF system, which caused notice and a copy of the same to be served

4

on all counsel of record.

5

6

   Dated: September 2, 2022                    By: s/ *William C. Rava*

7                                                     William C. Rava

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE
(No. 2:22-cv-00298-RAJ-BAT) – 24

1

## CERTIFICATE OF COMPLIANCE

2

The undersigned certifies that the parties met and conferred on September 2, 2022 concerning

3
the substance of this motion and potential resolution thereof, but were unable to reach an accord

4
that would eliminate the need for the motion.

5

6
Dated: September 2, 2022

By: s/ *William C. Rava*
William C. Rava

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000